Dorothy J. KOEPKE, Petitioner,

v.

Charles H. KOEPKE, Respondent.

No. C–6350.

Supreme Court of Texas.

May 27, 1987.

Jane Freeman. Deyeso, Deyeso & Deyeso, San Antonio, for petitioner.

Earle Cobb, Jr., San Antonio, for respondent.

PER CURIAM.

This is a partition suit brought by the former wife of a military serviceman to obtain division of military retirement benefits. The trial court rendered summary judgment partitioning the retirement benefits. The court of appeals reversed the summary judgment and rendered judgment for the former serviceman/husband holding that the prior divorce decree had disposed of the retirement benefits and was accordingly res judicata of the issue. 726 S.W.2d 615 (Tex.App.1987) A majority of this court reverses the judgment of the court of appeals and affirms the judgment of the trial court.

The divorce decree was rendered after the decision in *McCarty v. McCarty*, 453 U.S. 210, 101 S.Ct. 2728, 69 L.Ed.2d 589 (1981), but before the effective date of the Uniformed Services Former Spouses Protection Act, 10 U.S.C. § 1408 (February 1, 1983). *McCarty* forbade the division of military retirement benefits by state courts and further forbid any adjustment in the award of other community property to balance the loss of these benefits. The effect of USFSPA was to erase all memory of *McCarty*. *See Allison v. Allison*, 700 S.W.2d 914 (Tex.1985).

Since the enactment of USFSPA, we have approved partition as a means to remedy certain injustices caused by *McCarty.* Partition, however, has been limited to those post-*McCarty* divorce decrees which did not expressly award the military retirement benefits to the serviceman. *Compare Harrell v. Harrell,* 692 S.W.2d 876 (Tex.1985) with *Allison v. Allison,* 700 S.W.2d 914 (Tex.1985). The express award of retirement benefits in a divorce decree operates as a bar to any subsequent partition suit under principles of res judicata. *Constance v. Constance,* 544 S.W.2d 659, 660–61 (Tex.1976).

The court of appeals in the present case attempts to apply *Constance,* holding that the following language constitutes an express award of the military retirement benefits: "All relief requested in this case and not expressly granted herein be and is hereby denied." To construe this language, the court of appeals looked behind the judgment to the pleadings of the former wife which purportedly sought part of the military retirement benefits. The court of appeals then deduced that the failure to award the former wife a share of the military retirement benefits must have been an award of such benefits to the former serviceman/husband because a judgment which incorporates the above language "expressly disposes of all parties and issues in the case," citing *Schlipf v. Exxon Corporation,* 644 S.W.2d 453 (Tex.1982) and *Northeast I.S.D. v. Aldridge,* 400 S.W.2d 893 (Tex.1966).

The rule from these cases has no application here. The purpose for the language recommended in *Aldridge* and incorporated in the parties' divorce decree is to aid the determination of whether a particular judgment is final or interlocutory. A final judgment is one that disposes of all parties and issues in the case and the recommended language certainly serves to resolve all issues. There is, however, no dispute but that the divorce decree which preceded the present partition suit was a final judgment. Omission of certain community property from a divorce decree does not affect its finality. If it did, we would

have no need for the rule that community property which is not divided on divorce is held by the former spouses as tenants in common. *Busby v. Busby,* 457 S.W.2d 551, 554 (Tex.1970).

The divorce decree does not expressly award the military retirement benefits to the former serviceman/husband. The court of appeals' application of the doctrine of res judicata to bar this partition suit is erroneous and in conflict with our prior decision in *Harrell v. Harrell,* 692 S.W.2d 876 (Tex.1985). Pursuant to Tex.R. App.P. 133(b), a majority of this court grants the application for writ of error and, without hearing oral argument, reverses the judgment of the court of appeals and renders judgment affirming that of the trial court.