**Wanda Pauline McIntosh HAYNES, Appellant,**

v.

**David Clark McINTOSH, Appellee.**

**No. 13–88–440–CV.**

Court of Appeals of Texas, Corpus Christi.

Aug. 31, 1989.

Rehearing Denied Oct. 5, 1989.

Iris Hefter Robinson, Hirsch, Glover, Robinson & Sheiness, Houston, for appellant.

Robinson C. Ramsey, Wharton, Jo Ann Ottis, Bay City, for appellee.

Before UTTER, KENNEDY and SEERDEN, JJ.

## OPINION

UTTER, Justice.

Wanda Pauline McIntosh Haynes, appellant, brought suit against David Clark McIntosh, appellee, for the partition of military retirement benefits not specifically divided in a previous divorce decree. After a bench trial, the trial court entered judgment ordering that appellant take nothing by her suit. We affirm the judgment of the trial court.

Appellee joined the Army after the parties were married in 1959 and later retired from the Army in 1981. The parties maintained a permanent residence in Texas during appellee's entire term of military service. They were divorced in Texas on March 4, 1982. The divorce decree, however, did not expressly dispose of appellee's military retirement benefits, and on October 22, 1985, appellant filed suit seeking a partition of those benefits.

No findings of fact or conclusions of law have been filed. Therefore, the judgment must be affirmed if it can be upheld by any legal theory that finds support in the evidence. *Roberson v. Robinson,* 768 S.W.2d 280, 281 (Tex.1989); *Seaman v. Seaman,* 425 S.W.2d 339, 341 (Tex.1968); *Godde v. Wood,* 509 S.W.2d 435, 444 (Tex.Civ.App.— Corpus Christi 1974, writ ref'd n.r.e.).

■ The record further reveals that a copy of a previous hearing's "statement of facts" was admitted during the trial of the present cause. That particular statement of facts has not been brought up on appeal. Therefore, since it was appellant's burden to ensure that a complete record was presented on appeal, we presume that anything omitted from the record on appeal supports the trial court's judgment. *Producer's Construction Co. v. Muegge,* 669 S.W.2d 717, 718 (Tex.1984); *De Leon v. Dr. Pepper Bottling Co.,* 694 S.W.2d 381, 382

(Tex.App.—Corpus Christi 1985, writ ref'd n.r.e.); Tex.R.App.P. 50(d).

By her first point of error, appellant contends that the trial court erred in refusing to partition appellee's military retirement benefits and in holding that appellant take nothing by her suit. Appellant does not allege that the trial court abused its discretion in awarding the military retirement benefits to appellee, but rather, that the trial court did not partition such benefits between the parties as tenants in common or as joint owners. Subpoint B argues that the trial court denied the appellant's absolute statutory right to compel partition of benefits not previously divided in the divorce decree pursuant to Tex.Prop. Code Ann. § 23.001 (Vernon 1984). Subpoint C asserts that Tex.Fam.Code Ann. § 3.91(a) (Vernon Supp.1989), requiring a just and right division of undivided assets from the former marriage, is inapplicable and that the property should be partitioned equally. Subpoint E contends that Tex. Fam.Code Ann. § 3.63 (Vernon Supp.1989) is also inapplicable to the facts of this case.

The record reflects that this cause was tried before the court on July 21, 1986, but that judgment was not rendered until July 13, 1988. The record further reflects that neither party requested for the court to enter judgment prior to appellant's December 29, 1987, letter to the court. On January 26, 1988, the court noted on that letter that it was ruling in appellee's favor, and apparently later returned either the original or a copy of that letter with the court's notation to counsel.

■ Tex.Fam.Code Ann. §§ 3.90, 3.91, and 3.92 (Vernon Supp.1989) were expressly made applicable to any order, decree or judgment rendered on or after November 1, 1987. No exceptions were listed. Section 3.90(a) states that an original lawsuit may be filed to partition property which was not previously divided in a final decree of divorce. Section 3.91(a) provides that if a final decree of divorce rendered by a Texas court failed to dispose of property subject to division under Tex.Fam.Code Ann. § 3.63 (Vernon Supp.1989), the court shall divide the property in a manner that the court deems just and right. Section 3.63 states that the parties' community property shall be divided in a manner that the court deems just and right in a decree of divorce. Military pension and retirement benefits constitute community property. See Koepke v. Koepke, 732 S.W.2d 299, 300 (Tex.1987); Harrell v. Harrell, 692 S.W.2d 876, 876 (Tex.1985); Ewing v. Ewing, 739 S.W.2d 470, 472 (Tex.App.— Corpus Christi 1987, no writ). Sections 3.90 and 3.91, therefore, eliminated the mandatory 50–50 partition of undivided property, and ordered that such property shall be divided in an original lawsuit in a manner identical to that applied in a divorce context under Section 3.63, that is, in a manner that the court deems just and right. See Orsinger, Post–Divorce Division of Property, in 2 State Bar of Texas, Advanced Family Law Manual, N 23–24, 27–28 (1988); Sampson, A Little Legislative History, in 3 State Bar of Texas, Advanced Family Law Manual, 00 89–90 (1987); Oldham, Conflict of Laws and Marital Property Rights, 39 Baylor L.Rev. 1255, 1301 (1987). In addition, the Texas legislature has expressly mandated that these sections shall apply to all judgments rendered on or after November 1, 1987.

■ In the case at bar, judgment was rendered on July 13, 1988, and the cause is therefore governed by Tex.Fam.Code Ann. § 3.91(a) (Vernon Supp.1989). Tex.Prop. Code Ann. § 23.001 (Vernon 1984) does not preclude a trial court from partitioning previously undivided community property on a just and right basis in accordance with Section 3.91(a). Moreover, since the trial court did not file its findings of fact and conclusions of law, the record is silent as to what law the trial court did, in fact, apply. Presuming, as we must, that the trial court did properly apply Tex.Fam.Code Ann. § 3.91(a) (Vernon Supp.1989) and considering the missing portions of the record to support the judgment, we hold that there is sufficient evidence to show that the trial court's division of the military retirement benefits was just and right. The fact that the trial court ordered that appellant take nothing does not mean that the trial court

failed to partition the military retirement benefits; rather, it means that, based on all the facts before it, the trial court partitioned the property in such a manner that appellant take nothing. Therefore, the absolute right to partition the military retirement benefits has not been abrogated.

Appellant further argues that section 3.91(a) is inapplicable because the original divorce court did not have jurisdiction over the property as is required under section 3.91(a). Appellant contends that since the military retirement benefits were considered to be appellee's separate property at the time of the divorce pursuant to *McCarty v. McCarty*, 453 U.S. 210, 101 S.Ct. 2728, 69 L.Ed.2d 589 (1981), the divorce court did not have jurisdiction to divide those benefits at that time. Appellant lastly asserts that section 3.91(a) only contemplates property which the divorce court had jurisdiction over, but failed to award.

■ Appellant's point is without merit. Section 3.91(a) states that the divorce court must have had jurisdiction over either the parties or the property, not both. There is no question in this case that the divorce court had jurisdiction over the parties at that time. Moreover, although the military retirement benefits were classified as appellee's separate property pursuant to *McCarty*, the Uniform Services Former Spouses Protection Act (U.S.F.S.P.A.), 10 U.S.C.A. § 1408(c)(1) (West Supp.1988) reversed *McCarty* and restored state law to the status it held prior to *McCarty*. *See Trahan v. Trahan*, 682 S.W.2d 332, 337 (Tex.App.—Austin 1984, no writ), *cert. denied*, 475 U.S. 1002, 106 S.Ct. 1171, 89 L.Ed.2d 291 (1986). In fact, the Texas courts have, since the passage of the U.S.F.S.P.A., consistently partitioned such property where the divorce court did not make an express award of military retirement benefits during the "gap" period, notwithstanding that those benefits were considered separate property at the time of the divorce. *See Koepke*, 732 S.W.2d at 300; *Powell v. Powell*, 703 S.W.2d 434, 436–37 (Tex.App.—Waco 1985, writ ref'd n.r.e.), *cert. dismissed*, 476 U.S. 1180, 106 S.Ct.

2911, 91 L.Ed.2d 541 (1986); *Terrell v. Terrell*, 609 S.W.2d 841, 843–44 (Tex.Civ.App.—San Antonio 1980, writ ref'd n.r.e.); *Yeo v. Yeo*, 581 S.W.2d 734, 737–39 (Tex.Civ.App.—San Antonio 1979, writ ref'd n.r.e.). This is because military retirement benefits that were not expressly divided by the divorce court are considered to be community property even though the divorce occurred during the gap period. We overrule appellant's subpoints B, C, and E.

By subpoint D, appellant contends that the case is governed by Texas Family Code § 3.92(a) (Vernon Supp.1989). As stated above, the trial court did not specify which statute it applied when it rendered judgment. However, we find that section 3.92(a) substantially tracks the language of section 3.91(a) and that the application of section 3.92(a) to the facts of this case would not alter the above analysis. We overrule appellant's subpoint D.

By subpoint A, appellant contends that the trial court has no discretion to consider the prior divorce case and the equities of the parties therein during a subsequent partition action. Appellant thereafter cites numerous authorities which state that such matters are not relevant in a subsequent suit to partition community property not previously disposed of by the divorce decree because the subsequent partition action is a separate and distinct cause of action. *See Southern v. Glenn*, 677 S.W.2d 576, 579 (Tex.App.—San Antonio 1984, writ ref'd n.r.e.); *Bankston v. Taft*, 612 S.W.2d 216, 218 (Tex.Civ.App.—Beaumont 1980, writ dism'd); *Disbrow v. Thibodeaux*, 596 S.W.2d 174, 176 (Tex.Civ.App.—Houston [14th Dist.] 1980, writ ref'd n.r.e.); *Smith v. Cooper*, 541 S.W.2d 274, 276–77 (Tex.Civ.App.—Texarkana 1976, no writ). Most specifically, appellant argues that although a trial court is permitted to adjust the equities involved in a suit to partition property, the only claims and equities that may be considered are those relating to the common property to be partitioned.

■ We agree that under the former law, property not divided at the time of divorce was held as tenants in common, and any claims and equities not directly

relating to the common property were irrelevant in a subsequent action to partition that property. However, with the enactment of Tex.Fam.Code Ann. § 3.90 et seq. (Vernon Supp.1989), the Texas legislature expressly adopted the just and right standard for dividing property not previously partitioned by the decree of divorce. Therefore, the court must now be permitted to consider how the remainder of the property was divided as one of the factors in determining a just and right partition of the previously undivided community property. The court is no longer limited to a review of evidence concerning claims and equities pertaining only to the property to be divided. We overrule appellant's subpoint A. Accordingly, we overrule appellant's first point of error in its entirety.

By her second point of error, appellant contends that appellee waived having the property partitioned solely in his favor by not requesting such an award in his pleading. Appellant further contends that appellee cannot now claim the judgment partitioned all of the military retirement benefits in his favor. Appellant thereafter complains that she was denied her statutory right to partition because the court ordered that she take nothing by her partition action.

■ Appellee was not required to affirmatively plead for a partition of the military retirement benefits because appellant's pleadings placed the matter in issue. Appellant's original petition authorized the court to partition the military retirement benefits making it unnecessary for appellee to file a cross-petition for relief. *Cf. Hailey v. Hailey,* 160 Tex. 372, 331 S.W.2d 299, 302 (1960); *Whitehill v. Whitehill,* 628 S.W.2d 148, 150 (Tex.App.—Houston 1982, no writ); *cf. also Land Title Company of Dallas, Inc. v. F.M. Stigler, Inc.,* 609 S.W.2d 754, 756 (Tex.1980). Further, as stated above, the court did partition the property in a manner that the court deemed just and right. We overrule appellant's second point of error.

■ Although appellant was granted permission to file a reply brief to appellee's supplemental brief, appellant was not granted permission to file a brief containing new points of error. We find that the "reply points" raised in appellant's post-submission brief are actually entirely new points of error which were not raised by appellant prior to submission. Appellant, therefore, has waived these points by not timely bringing them to our attention. Additional points of error raised only in a post-submission brief will not be considered because they are untimely. *Canales v. National Union Fire Insurance Co.,* 763 S.W.2d 20, 23 (Tex.App.—Corpus Christi 1988, no writ); *Linan v. Linan,* 632 S.W.2d 155, 156–57 (Tex.App.—Corpus Christi 1982, no writ); Tex.R.App.P. 74(*o*); 13th Court of Appeals Local Rule III(c).

We AFFIRM the judgment of the trial court.