Margaret CARLSON, Appellant,

v.

George E. CARLSON, Appellee.

No. 01–97–00375–CV.

Court of Appeals of Texas,
Houston (1st Dist.).

Aug. 20, 1998.

## OPINION

HEDGES, Justice.

This appeal challenges an order denying appellant's request for partition of her former husband's military retirement benefits and for reimbursement of child support arrearages and educational expenses. We affirm.

## BACKGROUND

Appellant and appellee obtained a divorce in September 1982. At the time of the divorce, the couple had two children under the age of 18: Edward and Warren. In July 1994, appellant filed a bill of review and original petition in which she sought her equitable interest in appellee's military retirement benefits and collection of unpaid child support. The trial court (1) rendered summary judgment in favor of appellee, denying appellant's bill of review regarding the treatment of retirement benefits; and, after a bench trial, (2) awarded appellant $3,515.60 in reimbursement for Warren's educational expenses; (3) denied her all other relief; and (4) awarded appellee $2,500 in attorney's fees, plus interest. Appellant raises 15 points of error. Appellee did not file a responsive brief.

## DISCUSSION

In points of error one and two, appellant asserts that because the divorce decree did not specifically allocate appellee's military retirement benefits, those benefits are now subject to partition.

The divorce decree was rendered after the decision in *McCarty v.. McCarty,* 453 U.S. 210, 101 S.Ct. 2728, 69 L.Ed.2d 589 (1981), but before the effective date of the Uniformed Services Former Spouses Protection Act, 10 U.S.C. § 1408 (1998) (February 1, 1983). *McCarty* forbade both the division of military retirement benefits by state courts and any adjustment in the award of other community property to balance the loss of these benefits. 453 U.S. at 226–233, 228–29, n. 22, 101 S.Ct. at 2738–41, 2739, n. 22. The

Maurice Bresenhan, Jr., Paul Piazza Pascal, Houston, for Appellants.

Anthony R. Magdaleno, Houston, for Appellees.

Before MIRABAL, HEDGES and ANDELL, JJ.

USFSPA nullified *McCarty.* *See Allison v. Allison,* 700 S.W.2d 914, 914 (Tex.1985).

■ Since the enactment of the USFSPA, partition is allowed as a means to remedy certain injustices caused by *McCarty.* However, partition is limited to those post-*McCarty* divorce decrees that did not expressly award the military retirement benefits to the serviceman. *Koepke v. Koepke,* 732 S.W.2d 299, 300 (Tex.1987). The express award of retirement benefits in a divorce decree operates as a bar to any subsequent partition suit under principles of res judicata. *Id.*

■ Courts are to construe divorce decrees as a whole toward the end of harmonizing and giving effect to all that is written. *Constance v. Constance,* 544 S.W.2d 659, 660 (Tex.1976). Thus, we look to the language of the entire decree to determine whether the retirement benefits were awarded to appellee. Appellant contends that the following language in the divorce decree is a "catch all" or residuary clause that did not expressly award appellee's retirement benefits to him:

> It is further ordered, adjudged and decreed by the Court that all right, title, and/or interest in the property listed below be, and the same is hereby awarded to George E. Carlson, Jr. as his sole and separate property, and the same is hereby freed and cleared of any claims, interest, and/or demands of Margaret Carlson, except as otherwise may be expressly stated in this Decree:
>
>  . . . .
>
> 8. Any and all sums, whether matured or unmatured, accrued or unaccrued, vested or otherwise, together with all increases thereof, the proceeds therefrom, and any other rights related to any profit-sharing plan, retirement plan, pension plan, or like benefit program existing by reason of [George E. Carlson, Jr.'s] past, present, or future employment.

The above language was preceded by the following language:

> It is further ordered, adjudged and decreed by the Court that all right, title, and/or interest in the property listed below be, and the same is hereby awarded to Margaret Carlson as her sole and separate property, and the same is hereby freed and cleared of any claims, interest, and/or demands of George E. Carlson, except as otherwise may be expressly stated in this Decree:
>
>  . . . .
>
> 8. Any and all sums, whether matured or unmatured, accrued or unaccrued, vested or otherwise, together with all increases thereof, the proceeds therefrom, and any other rights related to any profit-sharing plan, retirement plan, pension plan, or like benefit program existing by reason of [Margaret Carlson's] past, present, or future employment.

In *Wright v. Wright,* 710 S.W.2d 162 (Tex. App.—San Antonio 1986, writ ref'd n.r.e.), the court considered identical language. In that case, as here, the couple's divorce became final during the period between *McCarty* and the USFSPA's enactment. The San Antonio court determined that this language "specifically and unambiguously order[ed] that each party retain the benefits of their respective retirement plans." *Id.* at 165. The court concluded that res judicata barred the wife's partition action. *Id.* at 166.

We agree with our sister court that the Carlsons' divorce decree expressly awarded appellee's retirement benefits. Therefore, appellant is barred from a subsequent partition suit under the principles of res judicata.

We overrule points of error one and two.

In point of error three, appellant asserts that the court erred in finding that Wade Carlson did not attend an "institution of higher education between July 28, 1982 and July 28, 1986."

■ Wade graduated from the Universal Technical Institute. Appellant presented no evidence that the Universal Technical Institute falls within the definition of an institution of higher education as defined by the Education Code, TEX. EDUC. CODE ANN.

§ 53.02(5) (Vernon 1996).[1]  The court did not err in finding that Wade did not attend an institution of higher education between July 28, 1982 and July 28, 1986.

We overrule point of error three.

In points of error five and nine, appellant complains that the court erred in refusing to award her one-half of Warren's educational expenses on the ground that the statute of limitations barred a portion of those expenses.  In point of error eight, appellant complains that the court erred in concluding that the statute of limitations for contracts barred her reimbursement claim for one-half of Edward's educational expenses.

Appellant filed suit in July 1994.  The court found that Warren attended an institution of higher education from July 1988 through May 1993.  The court held that appellant's right to seek reimbursement for one-half of Warren's educational expenses incurred between July 1, 1988 and June 30, 1990 was barred by the statute of limitations for contracts.  The court awarded appellant one-half of Warren's higher education expenses incurred between July 1, 1990 and June 30, 1992 ($3,515.60).[2]  The court found that Edward graduated from an institution of higher education in December 1988.  The court held that appellant's right to seek reimbursement for one-half of Edward's educational expenses was barred by the statute of limitations for contracts.

Appellant asserts that *Bruni v. Bruni*, 924 S.W.2d 366 (Tex.1996), supports her contention that, because some of the educational expenses incurred were not time-barred, none of the educational expenses should be time-barred.  *Bruni* did not address the limitations on a court's continuing jurisdiction to enforce an obligation to pay for educational expenses incurred at an institution of higher learning.  Rather, it considered the *enforceability* of an agreement to pay child support beyond the age of 18.  In *Bruni*, the parties' agreement provided that it would "survive the judgment [the divorce decree] and be thereafter binding on the parties, their heirs and representatives" if the court approved the agreement and incorporated it into the decree.  *Bruni*, 924 S.W.2d at 368.  The supreme court held that TEX. FAM. CODE ANN. § 154.124(c) (Vernon 1996) did not require any "magic words" providing for enforceability and that the agreement's language expressed the parties' intent that the agreement, including the child support obligations, be enforced as a contract once approved and incorporated into the divorce decree.  *Id.*

Appellant acknowledges that she is seeking to enforce contractual rights.  The cause of action on a contract accrues when the contract is breached.  *Hollander v. Capon*, 853 S.W.2d 723, 726 (Tex.App.—Houston [1st Dist.] 1993, writ denied).  A four-year statute of limitations period applies to any action for breach of contract.  TEX. CIV. PRAC. & REM. CODE ANN. §§ 16.004(a)(3), 16.051 (Vernon 1986 and 1997).  The trial court did not err in holding that appellant was not entitled to reimbursement for one-half of Warren and Edward's higher education expenses that fell outside the limitations period.

We overrule points of error five, eight, and nine.

In point of error four, appellant complains that the evidence was factually insufficient to support a finding that the total educational expenses incurred by Warren between July 1, 1990 and June 30, 1992 was $7,031.20.  Appellant contends that the evidence, as a matter of law, sup-

---

1.  " 'Institution of higher education' means (i) any institution of higher education as defined by Subdivision (8) of Section 61.003 of this code, or (ii) a degree-granting college or university corporation accredited by the Texas Education Agency or by a recognized accrediting agency, as defined by Subdivision (13) of Section 61.003 of this code, or (iii) a postsecondary proprietary school accredited by the Association of Independent Colleges and Schools, the National Association of Trade and Technical Schools, or the National Accrediting Commission of Cosmetology Arts and Sciences ." TEX. EDUC. CODE ANN. § 53.02(5) (Vernon 1996).

2.  The court held that appellant's right to reimbursement for one-half of Warren's educational expenses incurred between July 1, 1992 and June 30, 1993 (his fifth year of higher education) was barred by the divorce decree.  Appellant does not challenge this holding.

ports a finding that the expenses were actually $9,964.59. Because we sustain points of error five and nine and because appellant does not challenge the trial court's holding that her claim for reimbursement of one-half of Warren's expenses incurred between July 1, 1992 and June 30, 1993 is barred by the divorce decree, we consider only whether the evidence is sufficient to support the court's finding that his educational expenses for the period between July 1, 1990 and June 30, 1992 amounted to $7,031.20. Appellant presented copies of checks and receipts evidencing Warren's educational expenses. This evidence is sufficient to support the court's finding that Warren's educational expenses incurred during the time period July 1, 1990 through June 30, 1992 amounted to $7,031.20.

We overrule point of error four.

In points of error six and seven, appellant asserts that the trial court erred in concluding that her claims for unpaid child support, with regard to Edward and Warren, were barred by section 157.005 of the Family Code.

Section 157.005 provides:

(b) The court retains jurisdiction to confirm the total amount of child support arrearages and render judgment for past-due child support if a motion for enforcement requesting a money judgment is filed not later than the fourth anniversary after the date:

(1) the child becomes an adult; or

(2) on which the child support obligation terminates under the order or by operation of law.

TEX. FAM. CODE ANN. § 157.005(b) (Vernon 1996).

■ The divorce decree provided that appellee would pay $300 per month for each child in child support until the child reached the age of 18 or was otherwise emancipated. Edward was born on April 21, 1966, and became 18 years of age on April 21, 1984. Warren was born on December 8, 1969, and turned 18 in December 1987. Appellant filed her petition on July 22, 1994. The trial court denied appellant all requested relief for un-

paid child support for Edward and Warren, holding that these expenses were barred by section 157.005 of the Family Code.

Although appellant makes the conclusory statement that the unpaid child support is not governed by the Family Code, she fails to provide any explanation of or authoritative support for this contention. TEX. R. APP. P. 38.1(h).

We overrule points of error six and seven.

In point of error 11, appellant asserts the trial court erred in not finding the amount of her attorney's fees and expenses, or, alternatively, that the evidence establishes her attorney's fees to be $4,500 as a matter of law. In point of error 15, appellant asserts that the trial court erred in not awarding her taxable costs. Appellant contends that she was the prevailing party because the court awarded her a money judgment in the amount of $3,515.60 for Warren's educational expenses plus post-judgment interest.

■ The prevailing party in a suit may recover costs from the opposing party under TEX. R. CIV. P. 131. A party seeking attorney's fees must establish a contractual or statutory ground for the award. *Henry v. Insurance Co. of N. Am.*, 879 S.W.2d 366, 368 (Tex.App.—Houston [14th Dist.] 1994, no writ); *State v. Estate of Brown*, 802 S.W.2d 898, 901 (Tex.App.—San Antonio 1991, no writ). Under the Family Code, the award of costs and attorney's fees is within the discretion of the trial court. Section 106.001 of the Family Code states: "The court may award costs in a suit or motion under this title and in a habeas corpus proceeding." TEX. FAM. CODE ANN. § 106.001 (Vernon Supp.1998). Section 106.002 provides: "In a suit under this title, the court may order reasonable attorney's fees as costs and order the fees paid directly to an attorney." TEX. FAM. CODE ANN. § 106.002(a) (Vernon Supp. 1998).

In *Billeaud v. Billeaud*, this Court stated:

Since 1981, TEX. FAM. CODE ANN. sec. 11.18(a) (Vernon 1985) [now sections 106.001 and 106.002] does not require a family court judgment to state good cause for adjudging costs against the successful party as is required in other civil cases, *see*

TEX. R. CIV. P. 131. By deleting that portion of the statute which required costs to be assessed "as in other civil cases," the legislature recognized the difficulty of deciding, in family cases, which party is successful.

697 S.W.2d 652, 655 (Tex.App.—Houston [1st Dist.] 1985, no writ); see also *Goheen v. Koester*, 794 S.W.2d 830, 836 (Tex.App.—Dallas 1990, writ denied) (not an abuse of discretion for trial court to have ordered appellant, who obtained all the relief he requested, to pay attorney's fees incurred by appellee, who was only partially successful).

■ The trial court did not abuse its discretion in not finding the amount of appellant's attorney's fees and in not awarding her costs.

We overrule points of error 11 and 15.

In points of error 10 and 12, appellant asserts that the evidence is insufficient to support the court's finding that appellee's attorney's fees and expenses amounted to $5,074.42. There is no such finding. The court awarded appellee only $2,500 in attorney's fees. This complaint presents nothing for review.

We overrule points of error 10 and 12.

In point of error 13, appellant asserts that the evidence was legally and/or factually insufficient to support the award of $2,500 in attorney's fees to appellee. Characterizing her claim as one for breach of contract, appellant also asserts that there is no legal basis for such a recovery under the Texas Civil Practice & Remedies Code. We disagree. Appellant brought suit, in part, to enforce the child support provisions of the divorce decree. An award of attorney's fees in a suit affecting the parent-child relationship is within the trial court's discretion. TEX. FAM. CODE ANN. §§ 106.001–.002 (Vernon Supp.1998). Appellant does not explain how the court abused its discretion in awarding appellee attorney's fees except to contend that she was the prevailing party.

However, as we recognized in *Billeaud*, it is not always so easy to determine who the successful party is.

■ Appellee affirmatively sought attorney's fees in his pleadings. He successfully defended himself against most of appellee's claims. His attorney testified that the time he spent on this case in relation to his hourly rate resulted in reasonable attorney's fees of $6,304.02. This evidence was not controverted. The trial court, after considering appellant's fees and expenses, awarded appellee attorney's fees in the amount of $2,500, an amount substantially below fees supported by the evidence. Under these circumstances, we cannot say that the court abused its discretion in awarding attorney's fees to appellee. See *Billeaud*, 697 S.W.2d at 655 (awarding cross-movant who was only partially successful her attorney's fees and costs); *Drexel v. McCutcheon*, 604 S.W.2d 430 (Tex.Civ.App.—Waco 1980, no writ) (awarding the unsuccessful party attorney's fees when the record established that the services of the attorney were necessary and performed for the benefit of the child).

We overrule point of error 13.

In point of error 14, appellant complains that appellee was not entitled to post-judgment interest at the rate of 12% per annum on his award of attorney's fees.

■ Former Tex.Rev.Civ. Stat. Ann. art. 5069–1.05 provides that "*all* judgments of the courts of this state earn interest ... for the period beginning on the day the judgment is rendered and ending on the day the judgment is satisfied." Former Tex.Rev.Civ. Stat. Ann. art. 5069–1.05 §§ 2, 3(a) (Vernon 1987).[3] Appellee was entitled to interest on his award of attorney's fees. See *City of Houston v. Blackbird*, 658 S.W.2d 269, 274 (Tex.App.—Houston [1st Dist.] 1983, writ dism'd) (allowing post-judgment interest on award of attorney's fees).

---

3. TEX. REV. CIV. STAT. ANN. art. 5069–1.05, § 3 (Vernon Supp.1995). Act of 1967, 60th Leg., R.S., ch. 274, § 2, 1967 Tex. Gen. Laws 609, *amended by* Act of May 24, 1979, 66th Leg., R.S., ch. 707, § 1, 1979 Tex. Gen. Laws 1718, *repealed by* Act of May 24, 1997, 75th Leg., R.S., ch. 1008, § 6(a), 1997 Tex. Gen. Laws 3091, 3602; Act of June 2, 1997, 75th Leg., R.S., ch. 1396, § 48, 1997 Tex. Gen. Laws 5202, 5250.

We overrule point of error 14.

We affirm the trial court's judgment.