COURT OF 
APPEALS
SECOND DISTRICT OF TEXAS
FORT WORTH
 
NO. 2-03-273-CV
 
 
LINDA 
J. HENDRIX                                                                APPELLANT
 
V.
 
JERRY 
B. HENDRIX                                                                   APPELLEE
 
 
------------
 
FROM 
THE 233RD DISTRICT COURT OF TARRANT COUNTY
 
------------
 
MEMORANDUM OPINION[1]
 
------------
        Appellant 
Linda J. Hendrix appeals from the trial court’s division of community property 
in the divorce decree and the award of posttrial attorney’s fees.  
Because we hold that the trial court did not abuse its discretion in awarding 
posttrial attorney’s fees, we affirm the postjudgment order awarding those 
fees.  We also affirm the divorce, but because we hold that the trial court 
erred in characterizing certain community property as separate property, and 
because we cannot conclude from the record before us that the 
mischaracterization had only a minimal effect on the property division, we 
reverse the judgment in part and remand the case for a new trial on the division 
of the community estate.
I. Posttrial Attorney’s Fees
        In 
her second , Linda complains that the trial court abused its discretion by 
awarding posttrial attorney’s fees.  Linda has failed to preserve error, 
if any.
        After 
trial, Linda objected to the proposed divorce decree prepared by Appellee Jerry 
Hendrix’s attorney at trial.  Linda apparently highlighted provisions 
that she disagreed with, but no highlighted provisions appear in the record 
before us.  Annotations on Linda’s response and supplemental response to 
Jerry’s motion to enter the decree reveal two objections by Linda complaining 
of (1) the award of the Lockheed Martin retirement account (this provision does 
not appear in the final decree) and (2) the order that Linda replenish a money 
market account awarded to Jerry.
        The 
divorce was rendered on January 14, 2003. On February 12, 2003, the trial court 
sent the lawyers a letter of rendition.  On March 20, 2003, at a hearing on 
Jerry’s motion to enter the signed decree, the trial court admonished 
Linda’s lawyer about the possibility of attorney’s fee sanctions should his 
objections to the decree prove unfounded.  We do not have a record of that 
hearing.
        The 
reporter’s record from the April 22, 2003 hearing on the motion to sign, 
however, shows that the trial court was irate with Linda and her lawyer:
 
[T]he Court has been provided with a[n] absolute plethora of objections to the 
Court’s rendition and the representation by [Linda’s lawyer] that the — 
essentially, that the entire decree that was prepared by [Jerry’s lawyer’s] 
office, pursuant to the Court’s direction, is incorrect.
I’ve 
reviewed the Court’s rendition — the written rendition that I provided to 
the parties, and to the extent that it does not literally include each and every 
item of personalty and everything else that these parties own, and since the 
Respondent insists that it do so, the Court is of the opinion that it’s 
committed error in the rendition in this case.

At 
that hearing, Jerry’s lawyer admitted that the replenishment to the money 
market account was not specifically rendered.  Linda’s lawyer responded 
that the account was Linda’s separate property and not divisible at all.  
The judge then indicated that his irritation was caused, at least in part, by 
Linda’s objection to Jerry’s “being awarded his family heirlooms, his 
military things, and all that. That is specious, [Linda’s lawyer].”  
Linda’s counsel insisted that the trial court awarded those personal assets to 
Linda.  The trial judge responded,
 
That is a specious objection, and you make a good point.  The Court was — 
was — was in error when it rendered because the Court was under the impression 
that the Court was dealing with two adults.  I see now that that was not 
the case.  And since your client has instructed you to attempt to divest 
Mr. Hendrix of his personalty, his, you know, military stuff, his family albums, 
then I will have to go back through and more carefully examine this record, as 
you’ve indicated you want me to do.

Linda’s 
lawyer objected to Jerry’s lawyer’s attorney’s fees exhibit as untimely 
and also objected that the person who did the work was not there to 
testify.  The trial court overruled the objections.
        In 
the trial judge’s May 15, 2003 rendition letter, he told the lawyers that the 
retirement award should be deleted from the proposed decree because there was no 
evidence to support the award, but
  
[t]he voluminous remainder of the objections Ms. Hendrix makes to the proposed 
decree are frivolous and made in objective bad faith.  As such I will allow 
Mr. Hendrix to offer evidence as to attorney’s fees he has incurred as a 
result of the actions of Ms. Hendrix and/or her attorney.

At 
the hearing on June 2, 2003 on the motion to sign, the trial court repeated that 
it had “previously determined that the bulk of Mrs. Hendrix’s objections to 
the form of the decree were not well taken, and the Court has previously 
determined that Mr. Hendrix is entitled to an award of attorney’s fees in 
connection with getting this decree entered.”  Jerry’s lawyer then 
testified about posttrial attorney’s fees with no objection and no 
cross-examination.  The divorce decree was signed June 2, 2003.  The 
trial court awarded $1654.26 in attorney’s fees and signed the related order 
on June 13, 2003.
        Less 
than three weeks after the divorce decree was signed, Jerry filed a petition to 
enforce the decree and the postjudgment attorney fee award.  Linda 
contended that she was awarded all the property in her possession and therefore 
Jerry was not entitled to any items listed in paragraphs 3 and 4 of the divorce 
decree (which included the family heirlooms, military awards, and other 
personalty that the trial court had referenced at the prior hearing).  We 
have no record of a hearing on the petition to enforce.  The order, signed 
August 15, 2003, indicates that the petition “came on for consideration” on 
August 4, 2003, and that both sides appeared. In addition to the original 
posttrial award of $1654.26 in attorney’s fees, the order awards attorney’s 
fees of $3,750.00.  Linda’s motion for new trial does not challenge 
posttrial attorney’s fees.
        To 
preserve a complaint for our review, a party must have presented to the trial 
court a timely request, objection, or motion that states the specific grounds 
for the desired ruling, if they are not apparent from the context of the 
request, objection, or motion.[2] If a party fails to 
do this, error is not preserved, and the complaint is waived.[3]  
Without a proper presentation of the alleged error to the trial court, a party 
does not afford the trial court the opportunity to correct the error.[4]
        The 
evidence of the initial award came in without objection or cross-examination. 
Linda has cited us to no place in the record where she gave the trial court an 
opportunity to reverse this sanctions award. She has therefore failed to 
preserve error for review on the first award.  Similarly, we have no record 
of the hearing on the petition for enforcement or the rendition of the second 
award.  We have no evidence that Linda brought an objection about the 
second award to the trial court’s attention.  While Linda claims in her 
brief that the award is unsupported by any evidence that it was reasonable, we 
must draw the opposite conclusion from an absent record.[5]  
Because Linda failed to preserve her complaints about the posttrial awards of 
attorney’s fees, we overrule her second issue.
II. The Property Division
        In 
her first issue, Linda contends that the trial court abused its discretion by 
ordering an unequal division of the parties’ community estate.  Within 
this issue, she argues, among other things, that the trial court erred by 
awarding Jerry a coin collection as separate property.
A. Finality of Judgment
        At 
the outset, we note that the court expressly did not divide the Lockheed 
retirement account and that that asset is not before us.  When a court 
fails to divide property at the time of the divorce, the ex-spouses become 
tenants in common as to the ownership of the property.[6]  
Omission of certain community property from a divorce decree does not affect its 
finality.[7]  If it did, we would have no need 
for the rule that community property which is not divided on divorce is held by 
the former spouses as tenants in common.[8]  
Consequently, even though the trial court did not divide the retirement account 
in the divorce decree, the decree is nevertheless an appealable, final judgment.
B. Characterization of Property
        Property 
possessed by either spouse during or on the dissolution of marriage is presumed 
to be community property.[9]  To overcome this 
presumption, a party claiming certain property as separate property must 
establish the separate character of the property by clear and convincing 
evidence.[10]  We resolve any doubt as to the 
character of property in favor of the community estate.[11]  
The values of individual items “are evidentiary to the ultimate issue of 
whether the trial court divided the properties in a just and right manner.”[12]  When a mischaracterization has more than a minimal 
impact upon the trial court's division, we must remand the case to the trial 
court for a just and right division based upon the correct characterization of 
the property.[13]
        Linda 
complains that the trial court erred by finding that the coin collection, 
awarded to Jerry, was separate property.  Jerry testified that he purchased 
or was given about forty percent of the coins before the marriage, but he also 
testified that these coins comprised less than ten percent of the value of the 
coin collection.  No specific evidence was introduced as to which pieces 
were received before marriage, which pieces were gifts during the marriage, or 
which pieces were purchased during the marriage.  Consequently, Jerry 
failed to offer clear and convincing evidence that the coin collection was his 
separate property.
        The 
coins, including silver bars, were valued at a total of about $4,400 in 
Jerry’s inventory. Linda testified that the coins and bars were worth 
$38,000.  Her inventory valued the coins and bars at an amount between 
$3,000 and $12,890.  The trial court did not issue a finding about the 
value of the coins and bars.  We are therefore unable to conclude that this 
error had only a minimal impact on the division. Consequently, we must sustain 
Linda’s first issue on this ground. We do not reach any other subissues.[14]
Conclusion
        We 
affirm the divorce and the award of postjudgment attorney’s fees, but we 
reverse and remand for a new trial on the division of the community estate.
  
  
                                                                  LEE 
ANN DAUPHINOT
                                                                  JUSTICE
  
 
PANEL 
A:   LIVINGSTON, DAUPHINOT, and MCCOY, JJ.
 
DELIVERED: 
September 30, 2004


NOTES
1.  
See Tex. R. App. P. 47.4.
2.  
Tex. R. App. P. 33.1(a); see 
also Tex. R. Evid. 103(a)(1).
3.  
Bushell v. Dean, 803 S.W.2d 711, 712 (Tex. 1991) (op. on reh’g).
4.  
Luna v. S. Pac. Transp. Co., 724 S.W.2d 383, 384 (Tex. 1987); McCain 
v. NME Hosps., Inc., 856 S.W.2d 751, 755 (Tex. App.—Dallas 1993, no 
writ).
5.  
See Simon v. York Crane & Rigging Co., 739 S.W.2d 793, 795 (Tex. 
1987); see also Tex. R. App. P. 
34.6(b)(1), 35.3(b).
6.  
Busby v. Busby, 457 S.W.2d 551, 554 (Tex. 1970); In re Marriage of 
Notash, 118 S.W.3d 868, 872 (Tex. App.—Texarkana 2003, no pet.).
7.  
Koepke v. Koepke, 732 S.W.2d 299, 300 (Tex. 1987); Busby, 457 
S.W.2d at 554.
8.  
Koepke, 732 S.W.2d at 300; Busby, 457 S.W.2d at 554.
9.  
Tex. Fam. Code Ann. § 3.003(a) 
(Vernon 1998).
10.  
Id. § 3.003(b).
11.  
Akin v. Akin, 649 S.W.2d 700, 703 (Tex. App.—Fort Worth 1983, writ 
ref’d n.r.e.).
12.  
Finch v. Finch, 825 S.W.2d 218, 221 (Tex. App.—Houston [1st Dist.] 
1992, no writ).
13.  
McElwee v. McElwee, 911 S.W.2d 182, 189 (Tex. App.—Houston [1st Dist.] 
1995, writ denied).
14.  
See Tex. R. App. P. 47.1.