LINDA J. HENDRIX V. JERRY B. HENDRIX

COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO. 2-03-273-CV

LINDA J. HENDRIX APPELLANT

V.

JERRY B. HENDRIX APPELLEE

------------

FROM THE 233
RD
 DISTRICT COURT OF TARRANT COUNTY

------------

MEMORANDUM OPINION
(footnote: 1)

------------

Appellant Linda J. Hendrix appeals from the trial court’s division of community property in the divorce decree and the award of posttrial attorney’s fees.  Because we hold that the trial court did not abuse its discretion in awarding posttrial attorney’s fees, we affirm the postjudgment order awarding those fees.  We also affirm the divorce, but because we hold that the trial court erred in characterizing certain community property as separate property, and because we cannot conclude from the record before us that the mischaracterization had only a minimal effect on the property division, we reverse the judgment in part and remand the case for a new trial on the division of the community estate.

I.  Posttrial Attorney’s Fees

In her second , Linda complains that the trial court abused its discretion by awarding posttrial attorney’s fees.  Linda has failed to preserve error, if any.

After trial, Linda objected to the proposed divorce decree prepared by Appellee Jerry Hendrix’s attorney at trial.  Linda apparently highlighted provisions that she disagreed with, but no highlighted provisions appear in the record before us.  Annotations on Linda’s response and supplemental response to Jerry’s motion to enter the decree reveal two objections by Linda complaining of (1) the award of the Lockheed Martin retirement account (this provision does not appear in the final decree) and (2) the order that Linda replenish a money market account awarded to Jerry.

The divorce was rendered on January 14, 2003.  On February 12, 2003, the trial court sent the lawyers a letter of rendition.  On March 20, 2003, at a hearing on Jerry’s motion to enter the signed decree, the trial court admonished Linda’s lawyer about the possibility of attorney’s fee sanctions should his objections to the decree prove unfounded.  We do not have a record of that hearing.

The reporter’s record from the April 22, 2003 hearing on the motion to sign, however, shows that the trial court was irate with Linda and her lawyer:

[T]he Court has been provided with a[n] absolute plethora of objections to the Court’s rendition and the representation by [Linda’s lawyer] that the — essentially, that the entire decree that was prepared by [Jerry’s lawyer’s] office, pursuant to the Court’s direction, is incorrect.

I’ve reviewed the Court’s rendition — the written rendition that I provided to the parties, and to the extent that it does not literally include each and every item of personalty and everything else that these parties own, and since the Respondent insists that it do so, the Court is of the opinion that it’s committed error in the rendition in this case.

At that hearing, Jerry’s lawyer admitted that the replenishment to the money market account was not specifically rendered.  Linda’s lawyer responded that the account was Linda’s separate property and not divisible at all.  The judge then indicated that his irritation was caused, at least in part, by Linda’s  objection to Jerry’s “being awarded his family heirlooms, his military things, and all that.  That is specious, [Linda’s lawyer].”  Linda’s counsel insisted that the trial court awarded those personal assets to Linda.  The trial judge responded, 

That is a specious objection, and you make a good point.  The Court was — was — was in error when it rendered because the Court was under the impression that the Court was dealing with two adults.  I see now that that was not the case.  And since your client has instructed you to attempt to divest Mr. Hendrix of his personalty, his, you know, military stuff, his family albums, then I will have to go back through and more carefully examine this record, as you’ve indicated you want me to do.

Linda’s lawyer objected to Jerry’s lawyer’s attorney’s fees exhibit as untimely and also objected that the person who did the work was not there to testify.  The trial court overruled the objections.

In the trial judge’s May 15, 2003 rendition letter, he told the lawyers that the retirement award should be deleted from the proposed decree because there was no evidence to support the award, but

[t]he voluminous remainder of the objections Ms. Hendrix makes to the proposed decree are frivolous and made in objective bad faith.  As such I will allow Mr. Hendrix to offer evidence as to attorney’s fees he has incurred as a result of the actions of Ms. Hendrix and/or her attorney.

At the hearing on June 2, 2003 on the motion to sign, the trial court repeated that it had “previously determined that the bulk of Mrs. Hendrix’s objections to the form of the decree were not well taken, and the Court has previously determined that Mr. Hendrix is entitled to an award of attorney’s fees in connection with getting this decree entered.”  Jerry’s lawyer then testified about posttrial attorney’s fees with no objection and no cross-examination.  The divorce decree was signed June 2, 2003.  The trial court awarded $1654.26 in attorney’s fees and signed the related order on June 13, 2003.

Less than three weeks after the divorce decree was signed, Jerry filed a petition to enforce the decree and the postjudgment attorney fee award.  Linda  contended that she was awarded all the property in her possession and therefore Jerry was not entitled to any items listed in paragraphs 3 and 4 of the divorce decree (which included the family heirlooms, military awards, and other personalty that the trial court had referenced at the prior hearing).  We have no record of a hearing on the petition to enforce.  The order, signed August 15, 2003, indicates that the petition “came on for consideration” on August 4, 2003, and that both sides appeared.  In addition to the original posttrial award of $1654.26 in attorney’s fees, the order awards attorney’s fees of $3,750.00.  Linda’s motion for new trial does not challenge posttrial attorney’s fees.

To preserve a complaint for our review, a party must have presented to the trial court a timely request, objection, or motion that states the specific grounds for the desired ruling, if they are not apparent from the context of the request, objection, or motion.
(footnote: 2)  If a party fails to do this, error is not preserved, and the complaint is waived.
(footnote: 3)  Without a proper presentation of the alleged error to the trial court, a party does not afford the trial court the opportunity to correct the error.
(footnote: 4)
 The evidence of the initial award came in without objection or cross-examination.  Linda has cited us to no place in the record where she gave the trial court an opportunity to reverse this sanctions award.  She has therefore failed to preserve error for review on the first award.  Similarly, we have no record of the hearing on the petition for enforcement or the rendition of the second award.  We have no evidence that Linda brought an objection about the second award to the trial court’s attention.  While Linda claims in her brief that the award is unsupported by any evidence that it was reasonable, we must draw the opposite conclusion from an absent record.
(footnote: 5)  Because Linda failed to preserve her complaints about the posttrial awards of attorney’s fees, we overrule her second issue.

II.  The Property Division

In her first issue, Linda contends that the trial court abused its discretion by ordering an unequal division of the parties’ community estate.  Within this issue, she argues, among other things, that the trial court erred by awarding Jerry a coin collection as separate property.

A.  Finality of Judgment

At the outset, we note that the court expressly did not divide the Lockheed retirement account and that that asset is not before us.  When a court fails to divide property at the time of the divorce, the ex-spouses become tenants in common as to the ownership of the property.
(footnote: 6)  Omission of certain community property from a divorce decree does not affect its finality.
(footnote: 7)  If it did, we would have no need for the rule that community property which is not divided on divorce is held by the former spouses as tenants in common.
(footnote: 8)  Consequently, even though the trial court did not divide the retirement account in the divorce decree, the decree is nevertheless an appealable, final judgment.

B.  Characterization of Property

Property possessed by either spouse during or on the dissolution of marriage is presumed to be community property.
(footnote: 9)  
To overcome this presumption, a party claiming certain property as separate property must establish the separate character of the property by clear and convincing evidence.
(footnote: 10)  We resolve any doubt as to the character of property in favor of the community estate.
(footnote: 11)  The values of individual items “are evidentiary to the ultimate issue of whether the trial court divided the properties in a just and right manner.”
(footnote: 12)  When a mischaracterization has more than a minimal impact upon the trial court's division, we must remand the case to the trial court for a just and right division based upon the correct characterization of the property.
(footnote: 13)
 Linda complains that the trial court erred by finding that the coin collection, awarded to Jerry, was separate property.  Jerry testified that he purchased or was given about forty percent of the coins before the marriage, but he also testified that these coins comprised less than ten percent of the value of the coin collection.  No specific evidence was introduced as to which pieces were received before marriage, which pieces were gifts during the marriage, or which pieces were purchased during the marriage.  Consequently, Jerry failed to offer clear and convincing evidence that the coin collection was his separate property.

The coins, including silver bars, were valued at a total of about $4,400 in Jerry’s inventory.  Linda testified that the coins and bars were worth $38,000.  Her inventory valued the coins and bars at an amount between $3,000 and $12,890.  The trial court did not issue a finding about the value of the coins and bars.  We are therefore unable to conclude that this error had only a minimal impact on the division.  Consequently, we must sustain Linda’s first issue on this ground.  We do not reach any other subissues.
(footnote: 14)
Conclusion

We affirm the divorce and the award of postjudgment attorney’s fees, but we  reverse and remand for a new trial on the division of the community estate.

LEE ANN DAUPHINOT

JUSTICE

PANEL A: LIVINGSTON, DAUPHINOT, and MCCOY, JJ.

DELIVERED:  September 30, 2004

FOOTNOTES
1:
See 
Tex. R. App. P.
 47.4.

2:
Tex. R. App. P.
 33.1(a); 
see also
 
Tex. R. Evid.
 103(a)(1).

3:
Bushell v. Dean
, 803 S.W.2d 711, 712 (Tex. 1991) (op. on reh’g).

4:
Luna v. S. Pac. Transp. Co.
, 724 S.W.2d 383, 384 (Tex. 1987); 
McCain v. NME Hosps.
, 
Inc.
, 
856 S.W.2d 751,
 755 (Tex. App.—Dallas 1993, no writ).

5:
See 
Simon v. York Crane & Rigging Co.
,
 
739 S.W.2d 793, 795 (Tex. 1987); 
see also
 
Tex. R. App. P.
 34.6(b)(1), 35.3(b).

6:
Busby v. Busby
, 457 S.W.2d 551, 554 (Tex. 1970);
 
In re
 
Marriage of Notash
, 
118 S.W.3d 868, 872 (Tex. App.—Texarkana 2003, no pet.).

7:
Koepke v. Koepke
, 
732 S.W.2d 299, 300 (Tex. 1987)
; 
Busby
, 457 S.W.2d at 554.

8:
Koepke
, 
732 S.W.2d at 300
; 
Busby
, 457 S.W.2d at 554.

9:
Tex. Fam. Code Ann.
 § 3.003(a) (Vernon 1998).

10:
Id.
 § 3.003(b).

11:
Akin v. Akin
, 649 S.W.2d 700, 703 (Tex. App.—Fort Worth 1983, writ ref’d n.r.e.).

12:
Finch v. Finch
, 825 S.W.2d 218, 221 (Tex. App.—Houston [1st Dist.] 1992, no writ).

13:
McElwee v. McElwee
, 911 S.W.2d 182, 189 (Tex. App.—Houston [1st Dist.] 1995, writ denied).

14:
See
 
Tex. R. App. P.
 47.1.