ACCEPTED
01-15-00440-CV
FIRST COURT OF APPEALS
HOUSTON, TEXAS
10/23/2015 10:55:16 AM
CHRISTOPHER PRINE
CLERK

**01-15-00440-CV**

_____

**IN THE**
**FIRST COURT OF APPEALS**

_____

FILED IN
1st COURT OF APPEALS
HOUSTON, TEXAS

10/23/2015 10:55:16 AM

CHRISTOPHER A. PRINE
Clerk

**IN RE ERNEST RAY KOONCE**
**_Relator_.**

_____

**On Petition for Writ of Mandamus**
**from the**
**127th Judicial District Court**
**Harris County, Texas**
**Cause Number 2010-64752**

_____

**WELLS FARGO, AS TRUSTEE'S MOTION TO STRIKE RELATOR'S**
**SUPPLEMENTAL PETITION FOR WRIT OF MANDAMUS**

_____

BOBBIE L. STRATTON
BRADLEY E. CHAMBERS
VALERIE HENDERSON

Baker Donelson Bearman Caldwell & Berkowitz, P.C.
1301 McKinney Street, Suite 3700
Houston, Texas 77010
Telephone: (713) 650-9700
Facsimile: (713) 650-9701

_ATTORNEYS FOR WELLS FARGO BANK, N.A., AS TRUSTEE UNDER THE POOLING AND SERVICING AGREEMENT DATED AS OF APRIL 1, 2005, ASSET BACKED PASS-THROUGH CERTIFICATES, SERIES 2005-WHQ2_

TO THE HONORABLE COURT OF APPEALS:

Wells Fargo Bank, N.A., as Trustee Under the Pooling and Servicing Agreement Dated as of April 1, 2005, Asset Back Pass-Through Certificates, Series 2005-WHQ2 ("Wells Fargo, as Trustee") files this motion to strike Ernest R. Koonce's ("Koonce") Supplemental Petition for Writ of Mandamus and respectfully shows the Court as follows:

## I.     INTRODUCTION

Koonce filed a Petition for Writ of Mandamus on May 12, 2015, seeking review of the trial court's order granting Wells Fargo, as Trustee's motion for new trial.  Wells Fargo, as Trustee filed its response to the petition for writ of mandamus on July 13, 2015.  On September 7, 2015, Koonce filed a Supplemental Petition for Writ of Mandamus, without seeking leave to do so, which raises numerous issues that Koonce never raised in the trial court, and, therefore, have never been addressed by the trial court.  Additionally, the "record" included with Koonce's Supplemental Petition for Writ of Mandamus contains numerous documents that were not a part of the record in the trial court and were apparently created by Koonce and a person with no connection to this case, Christine Reule, for the sole purpose of supporting Koonce's Supplemental Petition for Writ of Mandamus.

The Court should strike Koonce's Supplemental Petition for Writ of Mandamus and all purported evidence attached thereto for the following reasons:

1. **Koonce failed to seek leave to supplement his original petition for writ of mandamus.**

2. **Issues A-D are not appropriate for mandamus review because these issues have not been raised or addressed in the trial court.**

3. **Koonce has provided no explanation for why he allegedly needs to supplement his prior briefing on Issue E, which has already been fully briefed by the parties.**

## II.    ARGUMENT & AUTHORITIES

**A.    Koonce failed to seek leave to supplement his original petition for writ of mandamus.**

First, Koonce failed to seek leave to supplement his original petition for writ of mandamus; therefore, the Court should strike Koonce's supplement in its entirety. "[N]ew or additional issues raised in a reply brief or post-submission brief are untimely and will not be considered absent express permission from the appellate court allowing the new or additional issues." *Black v. Shor*, 443 S.W.3d 170, 174 (Tex. App.—Corpus Christi 2013, no pet.) (citing *Collin Cnty. v. Hixon Family P'ship, Ltd.*, 365 S.W.3d 860, 877 (Tex. App.—Dallas 2012, pet. denied); *Rogers v. City of Fort Worth*, 89 S.W.3d 265, 284 (Tex. App.—Fort Worth 2002, no pet.); *Haynes v. McIntosh*, 776 S.W.2d 784, 788 (Tex. App.—Corpus Christi 1989, writ denied)). Additionally, the Court may "not consider attachments to briefs that were not part of the trial court record and are not formally included in

3

the appellate record." *Id.* (citing *Guajardo v. Conwell*, 46 S.W.3d 862, 864 (Tex. 2001); *In re Guardianship of Winn*, 372 S.W.3d 291, 297 (Tex. App.—Dallas 2012, no pet.); *Paselk v. Rabun*, 293 S.W.3d 600, 612 n. 12 (Tex. App.—Texarkana 2009, pet. denied); *WorldPeace v. Comm'n for Lawyer Discipline*, 183 S.W.3d 451, 465 n. 23 (Tex. App.—Houston [14th Dist.] 2005, pet. denied)).

Koonce failed to request leave to supplement his original petition for writ of mandamus, and he failed to set forth any reason why he failed to raise these new issues in his original petition for writ of mandamus that he filed months ago. The new issues Koonce has raised in his supplemental petition for writ of mandamus are untimely, and the Court has not given Koonce permission to file the supplemental petition. Therefore, the Court should strike Koonce's supplemental petition for writ of mandamus and the "record" attached thereto in its entirety.

**B.** **Issues A-D are not appropriate for mandamus review because these issues have not been raised or addressed in the trial court.**

Second, issues A-D have not been raised or addressed by the trial court and are, therefore, not appropriate for mandamus review. "To obtain mandamus relief, relators must show both that **the trial court has clearly abused its discretion** and that they have no adequate appellate remedy." *In re Greyhound Lines, Inc.*, No. 05-13-01646-CV, 2014 WL 1022329, at *3 (Tex. App.—Dallas Feb. 21, 2014, no pet. h.) (citing *In re Prudential Ins. Co.*, 148 S.W.3d 124, 135–36 (Tex. 2004) (orig. proceeding); *Walker v. Packer*, 827 S.W.2d 833, 839–40 (Tex. 1992) (orig.

4

proceeding)) (emphasis added). Koonce does not cite to anything in the record to support Issues A-D found in his supplemental petition for mandamus relief. This is likely for the simple reason that he never raised Issues A-D in any motion or pleading before the trial court and, therefore, the issues have never been addressed by the trial court. It is impossible for the trial court to have "clearly abused its discretion" on these issues when it has not even had a chance to consider them.

Koonce also fails to demonstrate how the issues he raises in his Supplemental Petition for Writ of Mandamus are purportedly related in any way to the trial court's order on Wells Fargo, as Trustee's motion for new trial, which is the order upon which Koonce's original petition for writ of mandamus is based.

Further, the "record" attached to Koonce's supplemental petition for mandamus relief is nothing more than a conglomeration of documents that were not part of the trial court's record in this matter, and should not be considered by the Court. It is "improper for parties to rely on matters outside the record in making arguments to the court." *Carlton v. Trinity Universal Ins. Co.*, 32 S.W.3d 454 (Tex. App.—Houston [14th Dist.] 2000, pet. denied) (citing *Melendez v. Exxon Corp.*, 998 S.W.2d 266, 280 (Tex. App.—Houston [14th Dist.] 1999, no pet.) (holding parties are to confine their arguments and factual recitations to matters contained in the record)). For these reasons, Issues A-D are not appropriate for mandamus review and the Court should strike Koonce's

supplemental petition for mandamus review because the trial court has not reviewed the issues raised therein.

**C.    Koonce has provided no explanation for why he allegedly needs to supplement his prior briefing on Issue E, which has already been fully briefed by the parties.**

Finally, Koonce previously raised Issue E in his original petition, but in this supplemental petition, he further supplements the issues, which is procedurally inappropriate and not warranted when the issue was fully briefed by the parties. In Issue E, Koonce asks whether Wells Fargo, as Trustee is "barred from asserting that the note and deed of trust were not accelerated until September 2010." Koonce raised this issue in his original petition for writ of mandamus, and argued that Wells Fargo, as Trustee accelerated the loan in 2006, and, therefore, Wells Fargo, as Trustee's counterclaim for judicial foreclosure was barred by the applicable statute of limitations. As Wells Fargo, as Trustee argued in its response to Koonce's petition for writ of mandamus, Koonce's argument that the loan at issue was accelerated in 2006 was already specifically addressed in another lawsuit between the parties, and is, therefore, barred by res judicata. Koonce once again raises this issue that has already been decided in another case, and Koonce fails to present *any* reason why he needs to supplement his briefing on this issue at this time. For the reasons set forth in Wells Fargo, as Trustee's response to Koonce's petition for writ of mandamus, Koonce's argument on this issue is wholly without

merit, and there is absolutely no need for further briefing from Koonce on this issue.

## PRAYER

For these reasons, Wells Fargo, as Trustee respectfully asks the Court to strike Koonce's Supplemental Petition for Writ of Mandamus in its entirety, and to grant any other relief to which Wells Fargo, as Trustee may be justly entitled.[1]

Respectfully submitted,

*/s/ Valerie Henderson*
BOBBIE L. STRATTON
Texas State Bar No. 24051394
BRADLEY E. CHAMBERS
Texas State Bar No. 24001860
VALERIE HENDERSON
Texas State Bar No. 24078655
BAKER, DONELSON, BEARMAN, CALDWELL & BERKOWITZ, PC
1301 McKinney, Suite 3700
Houston, Texas 77010
Telephone: (713) 650-9700
Facsimile: (713) 650-9701

**ATTORNEYS FOR WELLS FARGO BANK, N.A., AS TRUSTEE UNDER THE POOLING AND SERVICING AGREEMENT DATED AS OF APRIL 1, 2005, ASSET BACK PASS-THROUGH CERTIFICATES, SERIES 2005-WHQ2**

---

[1] Alternatively, if the Court denies Wells Fargo, as Trustee's motion to strike, Wells Fargo, as Trustee respectfully requests leave to file a brief responding to the substantive issues raised in Koonce's Supplemental Petition for Writ of Mandamus.

## CERTIFICATE OF SERVICE

I hereby certify that on the 23rd day of October, 2015, a true and correct copy of the foregoing was sent by electronic mail as allowed by Texas e-file, as follows:

Mr. Ernest Ray Koonce                                    *rayk469@gmail.com*
15938 Fleetwood Oaks Drive
Houston, Texas 77079


/s/ *Valerie Henderson*
Valerie Henderson