**In the Matter of the MARRIAGE OF James W. WARD, Jr. and Barbara L. Ward.**

**No. 07–89–0272–CV.**

Court of Appeals of Texas, Amarillo.

Feb. 28, 1991.

Rehearing Overruled April 9, 1991.

———

Gerald L. Anderson, Janis K. Vaughn, Lubbock, for appellant.

Nelson & Hall, Mark C. Hall, Lubbock, for appellee.

Before REYNOLDS, C.J., and BOYD and POFF, JJ.

POFF, Justice.

Appellant, James Ward, Jr., brings this appeal from judgment granting the motion of his ex-wife Barbara Ward, appellee, to enforce a 1974 divorce decree. In February of 1989, Barbara filed her motion pursuant to § 3.70 of the Tex.Fam.Code Ann. (Vernon Supp.1986) to enforce the portions of her divorce decree which ordered James to pay to her on a monthly basis a net proportion of his military retirement check. James had made no payments for over twelve years. The Court ruled in Barbara's favor and ordered James to pay the delinquent monthly payments from January 1987 to the date of judgment and further ordered him to resume the monthly payments. In a single point of error, James contends that the divorce judgment was dormant and the Court erred in granting Barbara's motion to recover the delinquent payments. We will overrule the point of error and affirm the judgment.

Appellant, James Ward, Jr., and appellee, Barbara Ward were divorced in 1974. In a property settlement agreement incident to the divorce, the parties agreed that James would pay Barbara $356.35 per month as her proportionate share of his military retirement benefit. The payment was to be made upon his receipt of his monthly military retirement check. James terminated the payments in April, 1976.

The basis of James' sole point of error is that Barbara's motion to enforce was in fact a motion to revive and enforce a judgment which had been barred by Tex.Civ. Prac. & Rem.Code Ann. § 31.006 (1985) [the ten year statute of limitations dealing with enforcement of judgments]. James argues that since Barbara took no action to enforce the judgment for over twelve years, the judgment is now dormant and cannot be revived. Thus, the argument follows that Barbara's motion to enforce the judgment pursuant to § 3.70 of the Family Code is barred.

While James is correct that the general rule in most civil cases precludes enforcement of judgments over ten years old, he cites no cases involving the enforcement of orders contained in a Divorce Decree in which § 31.006 or its predecessor Art. 5532, Tex.Rev.Civ.Stat.Ann. (1925) has been used to bar complete recovery of court ordered retirement payments. While we also find no authority for James' conclusion, we do find authority in cases involving child support enforcement which argues against James' conclusion.

In the case of *Shannon v. Fowler*, 693 S.W.2d 54 (Tex.App.—Ft. Worth 1985, *writ dism'd*) the court was faced with the question of whether Article 5532, Tex.Rev.Civ. Stat.Ann. (1925) [now Tex.Civ.Prac. & Rem. Code Ann. § 31.006] would act as a complete bar to recovery of back child support in cases wherein the original motion to enforce was filed over ten years after the entry of judgment. In denying appellant's plea in bar, the Court held that "in actions to reduce child support to judgment, the statute of limitations does not begin to run on a non-payment until the date payment is due.... Therefore, only those payments which were due and unpaid more than ten years prior to the filing of the motion to reduce the claims to judgment are subject to being barred by the statute of limitations." [1]

We believe the rationale in *Shannon* is sound and is as applicable to our facts as to a child support case. *See also, Gonzalez v. Gonzalez*, 728 S.W.2d 446 (Tex.App.—San Antonio, 1987, *no writ*), a recent case interpreting a petitioner's rights to delinquent retirement benefit payments under Tex.Fam.Code Ann. § 3.70 (Vernon Supp. 1986). The *Gonzalez* court in calculating the effect of § 3.70 and its two year statute of limitations held "when payments are due in installments, the statute of limitation runs on each installment from the time it becomes due." *See also, Gabriel v. Alhabbal*, 618 S.W.2d 894 (Tex.Civ.App.—Houston [1st Dist.], 1981, *writ ref'd n.r.e.*) (concerning statute of limitations in the commercial installment context). We find

this calculation under § 3.70 to be equally appropriate for calculations under § 31.006.

Following the *Shannon* rationale, the § 31.006 limitations in the present case ran only as to those payments which were due and payable for more than ten years. We hold the judgment has not become dormant and Barbara is not barred from enforcing the judgment pursuant to § 3.70. We, therefore, overrule James' point of error and affirm the judgment.

---

1. Art. 5532, Tex.Rev.Civ.Stat.Ann. (1925).