

# Fourth Court of Appeals
## San Antonio, Texas

## MEMORANDUM OPINION

No. 04-22-00349-CV

Scott Ralph **WHEELOCK** aka Scott Wheelock,
Appellant

v.

**KERR COUNTY**, Headwaters Groundwater Conservation District, Kerr County Emergency
Services District #2, Kerr County Lateral Roads, Upper Guadalupe River Authority, Harper
Independent School District,
Appellees

From the County Court at Law, Kerr County, Texas
Trial Court No. 21317A
Honorable Rex Emerson, Judge Presiding

Opinion by:    Beth Watkins, Justice

Sitting:    Luz Elena D. Chapa, Justice
Beth Watkins, Justice
Liza A. Rodriguez, Justice

Delivered and Filed: February 22, 2023

AFFIRMED; MOTION TO SHOW AUTHORITY DENIED

Appellant Scott Ralph Wheelock challenges a delinquent property tax judgment in favor

of appellees Kerr County, Headwaters Groundwater Conservation District, Kerr County

Emergency Services District #2, Kerr County Lateral Roads, Upper Guadalupe River Authority

(collectively, the Kerr County taxing entities), and Harper Independent School District. We affirm

the trial court's judgment and deny Wheelock's December 28, 2022 motion to show authority.

## BACKGROUND

In 1992, Wheelock purchased a ten-acre tract of land in Kerr County from the Veterans Land Board of the State of Texas. Wheelock asserts that he lived on the property and paid property taxes on the ten-acre tract and a manufactured home located on the tract until 2010, when he became disabled and began receiving Social Security disability payments.

On May 26, 2021, the Kerr County taxing entities filed an original petition in the 216th Judicial District Court of Kerr County against Wheelock and the VLB, alleging that delinquent ad valorem taxes, penalties, and interest were owed on the ten-acre tract for tax years 2011–2020 and on the manufactured home for tax years 2015–2020. Wheelock, who is now incarcerated, was served with the Kerr County taxing entities' petition on July 1, 2021.

On June 24, 2021, Harper ISD filed a petition in intervention. Like the Kerr County taxing entities, Harper ISD alleged that Wheelock and/or the VLB owed delinquent taxes, penalties, and interest on the ten-acre tract and manufactured home. While the record does not indicate when Wheelock was served with Harper ISD's petition in intervention, Wheelock filed several pro se motions and letters responding to the claims of both the Kerr County taxing entities and Harper ISD.

On April 4, 2022, the VLB filed a plea to the jurisdiction arguing that it was immune from suit. Both the Kerr County taxing entities and Harper ISD filed motions to voluntarily dismiss their claims against the VLB, and on April 13, 2021, the trial court signed interlocutory orders granting the motions to dismiss. The lawsuit proceeded against Wheelock alone, and trial was set for May 24, 2022. Wheelock filed a written acknowledgment that he received notice of the trial date, and he notified the trial court that he "may not be present" due to his incarceration.

On May 24, 2022, the trial court held a bench trial in this case. The Kerr County taxing entities and Harper ISD presented certified account statements showing the delinquent taxes, penalties, and interest attributable to the ten-acre tract and manufactured home, and the trial court admitted those records into evidence. The records also showed the most recent assessed values for both properties and indicated that no exemptions had been applied to either property. Wheelock, who did not appear at the trial either personally or through counsel, did not present any evidence.

At the conclusion of the trial, the court signed a judgment in favor of the Kerr County taxing entities and Harper ISD that was consistent with the account statements admitted into evidence. The judgment decreed that Wheelock owed a total of $25,900.06 in "delinquent taxes, penalties, interest, and costs allowed by law"; found that the manufactured home had a market value of $13,139 and the ten-acre tract had a market value of $125,652; placed a tax lien on the manufactured home and the ten-acre tract; and ordered the property sold to satisfy the lien. Wheelock filed a motion for new trial, which was overruled by operation of law. He then timely filed this appeal.

## ANALYSIS

Because Wheelock is acting pro se on appeal, we liberally construe his brief. *See, e.g.*, *Smith v. DC Civil Constr.*, 521 S.W.3d 75, 76 (Tex. App.—San Antonio 2017, no pet.) (per curiam). Nevertheless, we hold pro se litigants "to the same standards as licensed attorneys and require them to comply with the applicable rules of procedure." *Dunlap v. Trois*, No. 04-19-00488-CV, 2020 WL 7633952, at *2 (Tex. App.—San Antonio Dec. 23, 2020, no pet.) (mem. op.). We construe Wheelock's brief as raising five challenges to the trial court's judgment: (1) the trial court lacked subject matter jurisdiction over this dispute; (2) the taxes, penalties, and interest listed in the judgment are erroneous; (3) the judgment is void due to the trial court's interlocutory dismissal

of the VLB; (4) the trial court judge who signed the judgment should have recused himself; and (5) the Kerr County taxing entities' attorneys failed to respond to Wheelock's motion to show authority.

### Subject Matter Jurisdiction

Wheelock's primary argument is that the trial court lacked subject matter jurisdiction over this dispute. "Subject matter jurisdiction concerns the kinds of controversies a court has the authority to resolve as determined by the constitution, jurisdictional statutes, and the pleadings." *Taylor v. Speck*, 308 S.W.3d 81, 84 (Tex. App.—San Antonio 2010, no pet.). We review a challenge to the trial court's subject matter jurisdiction de novo. *See, e.g.*, *In re A.R.G.*, 645 S.W.3d 789, 794 (Tex. App.—San Antonio 2022, no pet.).

Wheelock argues the Kerr County taxing entities and Harper ISD collect taxes in two separate counties—Kerr County and Gillespie County—and, as a result, their claims against him needed to be resolved in the county seat of each respective county. As support, Wheelock relies on article V, section 7 of the Texas Constitution, which provides, "A District Court shall conduct its proceedings at the county seat of the county in which the case is pending, except as otherwise provided by law." TEX. CONST. art. V, § 7(d).

This constitutional provision does not present a jurisdictional impediment to the trial court's authority to resolve this dispute. Texas district courts have jurisdiction over "all actions, proceedings, and remedies, except in cases where" jurisdiction is conferred on another tribunal by constitution or statute. TEX. CONST. art. V, § 8; *see also* TEX. GOV'T CODE ANN. § 24.007; *Subaru of Am., Inc. v. David McDavid Nissan, Inc.*, 84 S.W.3d 212, 220 (Tex. 2002). The Texas Tax Code provides that a suit to collect delinquent property taxes or to foreclose on a lien securing payment of such taxes "must be in a court of competent jurisdiction for the county in which the tax was

imposed." TEX. TAX CODE ANN. § 33.41. Texas courts have interpreted this provision as requiring a suit for delinquent property tax to be brought in the county where the real estate is located. *See Larkins-Ruby v. Austin County*, No. 01-21-00496-CV, 2022 WL 17981564, at *2 (Tex. App.—Houston [1st Dist.] Dec. 29, 2022, no pet. h.); *Est. of Crawford v. Town of Flower Mound*, 933 S.W.2d 727, 730 (Tex. App.—Fort Worth 1996, writ denied); *see also Herring v. Welborn*, 27 S.W.3d 132, 139 (Tex. App.—San Antonio 2000, pet. denied) (noting the *Crawford* court's holding on this point).

Here, it is undisputed that the property at issue is located in Kerr County. This case was filed and resolved in the 216th Judicial District Court of Kerr County, and there is no evidence the proceedings were conducted anywhere other than the county seat of Kerr County. The trial court therefore had subject matter jurisdiction over both the Kerr County taxing entities' and Harper ISD's claims against Wheelock. *See* TEX. CONST. art. V, §§ 7, 8; TEX. TAX CODE § 33.41; *Larkins-Ruby*, 2022 WL 17981564, at *2. We overrule Wheelock's jurisdictional challenge.

### *Amount of Delinquent Taxes, Penalties, and Interest*

Wheelock next appears to contend that the amount of delinquent taxes, penalties, and interest listed in the judgment is erroneous. We construe this as a challenge to the legal and factual sufficiency of the evidence supporting the judgment. *See Smith*, 521 S.W.3d at 76. When an appellant challenges the legal sufficiency of the evidence supporting a finding on which he did not bear the evidentiary burden, he must show that no evidence supports the finding. *See In re Marriage of Thrash*, 605 S.W.3d 224, 230 (Tex. App.—San Antonio 2020, pet. denied). To prevail on a factual sufficiency challenge, the appellant must establish that the challenged finding is so against the great weight and preponderance of the evidence that the finding is clearly wrong and unjust. *Abrams v. Salinas*, 467 S.W.3d 606, 614 (Tex. App.—San Antonio 2015, no pet.).

Section 33.47 of the Texas Tax Code provides:

> In a suit to collect a delinquent tax, the taxing unit's current tax roll and delinquent tax roll or certified copies of the entries showing the property and the amount of the tax and penalties imposed and interest accrued constitute prima facie evidence that each person charged with a duty relating to the imposition of the tax has complied with all requirements of law and that the amount of tax alleged to be delinquent against the property and the amount of penalties and interest due on that tax as listed are the correct amounts.

TEX. TAX CODE ANN. § 33.47(a). "Once a taxing authority in a delinquency suit introduces the tax records described in section 33.47(a) into evidence, it establishes a prima facie case as to every material fact necessary to establish its cause of action." *City of Bellaire v. Sewell*, 426 S.W.3d 116, 120 (Tex. App.—Houston [1st Dist.] 2012, no pet.) (internal quotation marks omitted). If the taxing authority establishes its prima facie case, the burden shifts to the property owner to present competent evidence "that he has paid the full amount of taxes, penalties, and interest" or that he has an affirmative defense to the taxing authority's claims. *See id.*

Here, the Kerr County taxing entities and Harper ISD introduced "the tax records described in section 33.47(a) into evidence" at trial, thus shifting the burden to Wheelock to rebut the delinquent taxes, penalties, and interest shown in those records. *See id.* Wheelock did not present any evidence below showing he had paid the taxes in question, and he did not present evidence of any affirmative defenses to the claims against him. He therefore did not meet his burden to rebut the prima facie evidence presented by the Kerr County taxing entities and Harper ISD. *See id.*

Wheelock also suggests the judgment overvalues the property. But under the Texas Tax Code, "[t]he appraised value of the property according to the most recent appraisal roll approved by the appraisal review board is presumed to be its market value on the date of trial, and the person being sued has the burden of establishing that the market value of the property differs from that appraised value." TEX. TAX CODE ANN. § 33.50(a). The evidence presented at trial included "the

most recent appraisal roll approved by the appraisal review board" for both the ten-acre tract and the manufactured home. *Id.* In his pre-trial filings below, Wheelock asserted that the manufactured home was "older" and "in rough shape" and that the taxes on the ten-acre tract exceeded what he had paid for the land, but he did not present any evidence of what he believed to be the properties' market value. Accordingly, he did not meet his burden to rebut the evidence presented on that issue. *See id.*

Finally, Wheelock argues that he is disabled and a veteran and the property was his homestead. This appears to be a contention that the amount of the trial court's judgment is erroneous because Wheelock was entitled to certain exemptions on his property taxes. "[T]he burden of proof of clearly showing that an exemption applies is on the taxpayer, with all doubts resolved against the taxpayer." *Aviall Servs., Inc. v. Tarrant Appraisal Dist.*, 300 S.W.3d 441, 447 (Tex. App.—Fort Worth 2009, no pet.) (internal quotation marks omitted); *see also Harris Cnty. Appraisal Dist. v. Wilkinson*, 317 S.W.3d 763, 766–67 (Tex. App.—Houston [1st Dist.] 2010, pet. denied) (noting, in dispute over whether taxpayer was entitled to homestead exemption, "that exemptions from taxation are not favored by the law and will not be favorably construed") (internal quotation marks omitted). "[A]n exemption cannot be raised by implication but must affirmatively appear, and all doubts are resolved in favor of the taxing authority and against the taxpayer." *Aviall*, 300 S.W.3d at 447. Here, the uncontroverted tax records presented at trial show no disability, veteran, homestead, or other exemptions applied to either the ten-acre tract or the manufactured home. Moreover, while the record contains multiple pre-trial filings by Wheelock that arguably allege he was entitled to certain exemptions, it does not contain any evidence showing he had been granted any exemptions. Accordingly, the record does not support a conclusion that the trial court

erred by failing to apply any exemptions to the amounts the Kerr County taxing entities and Harper ISD claimed Wheelock owed. *See id.*

For these reasons, the evidence is legally and factually sufficient to support the trial court's conclusion that Kerr County taxing entities and Harper ISD were entitled to a judgment for taxes, penalties, and interest in the amounts they sought. *See* TEX. TAX CODE §§ 33.47(a), 33.50(a); *Larkins-Ruby v. Sealy Indep. Sch. Dist.*, No. 01-18-00746-CV, 2020 WL 717548, at *3 (Tex. App.—Houston [1st Dist.] Feb. 13, 2020, pet. denied) (mem. op.). We therefore overrule Wheelock's argument to the contrary.[1]

### *Dismissal of the VLB*

Next, Wheelock argues the trial court's interlocutory dismissal of the VLB constitutes a "change[] from the original petition" that renders the judgment void. Wheelock cites no authority holding that the dismissal of a plaintiff's claims against one defendant renders the eventual judgment against the remaining defendant void. *See* TEX. R. APP. P. 38.1(i). Nor does he present any argument or authority showing that the dismissal of the VLB probably caused the rendition of an improper judgment or prevented Wheelock from properly presenting his case to this court. *See* TEX. R. APP. P. 44.1. We therefore overrule this issue. *See Dunlap*, 2020 WL 7633952, at *2.

### *Recusal*

Wheelock also contends the trial court judge who signed the judgment should have recused himself from this case because he also presided over Wheelock's criminal trial. A motion seeking to recuse or disqualify a trial court judge "must be verified." TEX. R. CIV. P. 18a(a)(1). The record

---

[1] Wheelock also complains that the judgment allows Kerr County to keep the excess proceeds, if any, from the sale of his former property. This is not correct. The judgment orders that any excess proceeds from the sale of Wheelock's former property shall be paid to and retained by the clerk of the court "in accordance with Section 34.03 of the Texas [] Tax Code." Section 34.03 requires the clerk of the court to notify "the former owner of the property" of the existence of any "excess proceeds [of] more than $25" and his right to claim those funds. TEX. TAX CODE ANN. § 34.03(a)(1); *see also* TEX. TAX CODE ANN. § 34.04 (establishing process for claiming excess proceeds).

does not contain a verified motion to recuse. "When a party fails to comply with the requirements of Rule 18a(a), [he] waives [his] right to complain of a judge's failure to recuse himself." *In re Guardianship of Jordan*, 348 S.W.3d 401, 415 (Tex. App.—Beaumont 2011, no pet.). We therefore overrule this issue.

### *Motion to Show Authority*

Finally, Wheelock argues we should reverse the trial court's judgment because the Kerr County taxing entities' attorneys did not respond to his challenge to their authority to represent their clients. Texas Rule of Civil Procedure 12 provides that a party "may, by sworn written motion stating that he believes the suit or proceeding is being prosecuted or defended without authority, cause the attorney to be cited to appear before the court and show his authority to act." TEX. R. CIV. P. 12. If the attorney does not show he has authority to act, "the court shall refuse to permit the attorney to appear in the cause, and shall strike the pleadings if no person who is authorized to prosecute or defend appears." *Id.*

For most of the proceedings below, the Kerr County taxing entities were represented by attorneys whose authority Wheelock did not challenge in the trial court. But on June 30, 2022— after the trial court had already signed its final judgment in this case—the Kerr County taxing entities filed a motion to substitute new counsel in place of the attorneys who previously represented them. The trial court granted that motion on July 6, 2022, and the Kerr County taxing entities' new attorneys subsequently filed a response to Wheelock's motion for new trial.

Wheelock did not file a standalone motion to show authority in the trial court. However, in his reply in support of his motion for new trial, he argued:

> Defendant [Wheelock] went ahead and responded to [the Kerr County taxing entities' response to Wheelock's motion for new trial], but the persons who signed it, there has been no "show of authority" Rule 12, Texas Rules of Civil Procedure "Attorney to Show Authority," so it is un-official.

Even if we construe this statement as a motion to show authority, it "is not sworn and is not directed at the authority of the attorney who represented" the Kerr County taxing entities when they filed their petition, presented evidence at trial in support of that petition, and obtained a judgment in their favor. *See DuVall v. Evetts*, No. 04-09-00309-CV, 2000 WL 340755, at *3 (Tex. App.—San Antonio Mar. 31, 2000, no pet.) (mem. op.). Accordingly, even if we assume the trial court should have disregarded the post-judgment response filed by the new attorneys, "we find no reversible error" in the judgment. *Id.*

On December 28, 2022, Wheelock filed a motion to show authority in this court. Like the motion he filed in the trial court, Wheelock's motion in this court explicitly relies on Rule 12. Assuming, without deciding, that Rule 12 applies to motions filed in appellate courts, Wheelock's motion is not sworn and therefore does not comply with Rule 12's plain requirements. TEX. R. CIV. P. 12; *DuVall*, 2000 WL 340755, at *3. Additionally, even if we disregard the only substantive document the Kerr County taxing entities' attorneys filed in this appeal—their appellees' brief— neither Wheelock's own brief nor our review of the record reveals any reversible error in the judgment. TEX. R. APP. P. 44.1; *see also Hamilton Metals, Inc. v. Global Metal Servs., Ltd*., 597 S.W.3d 870, 878 (Tex. App.—Houston [14th Dist.] 2019, pet. denied) ("If under the applicable law and the appellate record, an appellant has not shown that the trial court erred, we may not reverse the trial court's ruling, even if the appellee filed no brief or filed a brief that does not present a proper basis for affirming the trial court's ruling."); *Liles v. Contreras*, 547 S.W.3d 280, 296 (Tex. App.—San Antonio 2018, pet. denied) (noting appellant bears burden of establishing reversible error). For these reasons, we overrule Wheelock's final issue and deny his motion to show authority.

## CONCLUSION

Having overruled each of Wheelock's issues on appeal, we affirm the trial court's judgment. We deny Wheelock's December 28, 2022 motion to show authority.

Beth Watkins, Justice